UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KERRY KULINSKI, | Case No.: 25-CV-1860 |
| Plaintiff, | |
| v. | **JURY TRIAL REQUESTED** |
| THE ALUMNI CLUB TAVERN & EATERY, | |
| Defendant. | |

# COMPLAINT

Plaintiff, Kerry Kulinski ("Plaintiff" or "Kulinski"), by her attorneys, Stanford Law Offices, S.C., alleges to the Court as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. The Eastern District of Wisconsin is the proper venue for this action because Plaintiff's claims arose within the geographical boundaries of the Eastern District of Wisconsin within the meaning of 28 U.S.C. § 1391(b).

## PARTIES AND EXHAUSTION

3. Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs.

4. Kulinski is an adult resident of Wisconsin, who was employed by Defendants as a Server/Bartender at their restaurant located at N88 W16718 Appleton Avenue, Menomonee Falls, WI 53051.

5. Kulinski complied with all administrative prerequisites by filing a Complaint with the Wisconsin Department of Workforce Development—Equal Rights Division ("ERD"), which was cross-filed with the Equal Employment Opportunity Commission ("EEOC"), on November 21, 2024.

6. On August 7, 2025, the ERD found probable cause on Kulinski's claims for (1) discrimination in the terms and conditions of her employment because of pregnancy, childbirth, maternity leave, or related medical conditions, and (2) termination of her employment because of pregnancy, childbirth, maternity leave, or related medical conditions.

7. At Kulinski's request, the ERD closed its file on September 15, 2025, and the EEOC issued Kulinski a Notice of Right to Sue on September 19, 2025. Exhibit A.

8. Defendant The Alumni Club Tavern & Eatery ("Defendant") is an entity doing business in the State of Wisconsin with a principal business address of N88 W16718 Appleton Avenue, Menomonee Falls, WI 53051.

9. Defendant is a covered employer for purposes of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e et seq.

10. During Kulinski's employment with Defendant, Defendant employed 15 or more employees.

11. At all times set forth herein, Defendant acted by and through its agents, servants and employees.

# FACTS

12. Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs.

13. Defendant hired Kulinski in the position of Server/Bartender on or about August 3, 2024.

14. Kulinski worked, and works, full-time as a teacher and took a second, part-time job as a Server/Bartender with Defendant.

15. When she began her employment with Defendant, Kulinski worked approximately 25 hours per week. She worked approximately half of these hours as a Server and half as a Bartender.

16. As a Server, Kulinski was responsible for carrying plates of food—without the use of serving trays—from the kitchen to customers.

17. As a Bartender, Kulinski was responsible for serving drinks to customers seated at the bar.

18. At the beginning of her employment, Kulinski's manager, Christina Hauser ("Hauser"), trained her to close Defendant's operations at the end of each night.

19. Kulinski enjoyed closing Defendant's operations at the end of the night because she earned more money from closing.

20. Kulinski occasionally had to use the back stairwell inside Defendant, which was extremely narrow and slippery. Kulinski tried to avoid using the back stairwell because she did not want to slip. When Kulinski did need to use the back stairwell, she placed towels on the ground before descending the stairwell because she did not want to slip.

21. Kulinski raised concerns with Hauser regarding the back stairwell, but Defendant did nothing to make the stairwell safer for Kulinski or other employees.

22. Upon information and belief, an employee of Defendant before Kulinski was hired fell on the back stairwell. When this employee fell, she was pregnant.

23. Despite knowing that the back stairwell was slippery and that employees could fall, Defendant did nothing to make the stairwell safer.

24. Approximately one month into her employment with Defendant, in or around September 2024, Kulinski informed Hauser that Kulinski was pregnant.

25. Kulinski's pregnancy did not affect her ability to perform her Server/Bartender position. Kulinski's doctors did not place any work restrictions on her ability to perform her Server/Bartender position.

26. Immediately after disclosing her pregnancy to Hauser, Hauser told Kulinski, and later another employee, that Kulinski would no longer be permitted to close Defendant because Hauser didn't want Kulinski to "fall like a whale."

27. During the month of September 2024 and the first few weeks of October 2024, Kulinski continued to perform her job duties as she had before, except she no longer closed Defendant's operations at the end of the night due to Hauser's prohibition. Kulinski did not call in sick, except for one day in early October when she had a sinus infection. Kulinski did not slip or fall on the back stairwell because she continued to place towels on the ground to descend it. Kulinski did not slip or fall otherwise.

28. Nonetheless, Hauser gradually reduced Kulinski's weekly hours from approximately 25 hours per week to approximately 15 hours per week, against Kulinski's wishes and despite the lack of work restrictions from Kulinski's doctors.

29. During the week of October 15, 2024, Hauser went on vacation. While Hauser was away, another employee told another manager, Mitch Teipner ("Teipner"), that Kulinski was pregnant.

30. When Hauser returned from vacation, on October 23, 2024, Hauser texted Kulinski that Kulinski was terminated. *See* Exhibit B.

31. Hauser wrote, in pertinent part:

Good morning Kerry. Sorry to have to tell you this, but after going over and over, we decided it was best to let you go. It is the best decision for you and your baby and we want you to have a safe and healthy baby.

*Id.*

32. Kulinski responded to Hauser, writing:

So to make sure that I'm understanding this correctly, you are terminating my employment due to pregnancy?

*Id.*

33. Hauser did not respond to Kulinski's text, so Kulinski called Hauser. On this phone call, Hauser told Kulinski that Teipner wanted to "get rid of" Kulinski as soon as he learned about her pregnancy during the week of October 15, 2024. Hauser told Kulinski that Teipner "didn't want the liability," particularly due to slipping and falling, from having a pregnant employee on his staff and that Kulinski needed to be let go.

34. After speaking with Kulinski on the phone, Hauser thereafter responded to Kulinski's text. *See* Exhibit B.

35. After speaking with Hauser, Kulinski texted Teipner, who told Kulinski first that her termination was due to the Restaurant "[m]oving in a different direction." *See* Exhibit C.

36. After Kulinski confronted Teipner with a copy of Hauser's text reproduced above at Paragraph 31, Teipner said that Kulinski had to be terminated because she "needed to call off too many times." *Id.*

37. Kulinski reminded Teipner that she had only called in once for a sinus infection. Teipner stopped responding to Kulinski and, upon information and belief, blocked Kulinski's phone number. *Id.*

38. Defendant terminated Kulinski on October 23, 2024 because of her pregnancy, childbirth, maternity leave, or related medical condition, in violation of Title VII, as amended by the Pregnancy Discrimination Act.

## CAUSES OF ACTION

### I. DISCRIMINATION IN VIOLATION OF TITLE VII, AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT (TERMS AND CONDITIONS OF EMPLOYMENT & TERMINATION)

39. Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs.

40. Defendant intentionally discriminated against Kulinski on the basis of her pregnancy, childbirth, and/or related medical conditions in the terms and conditions of her employment by changing her assignment and/or work hours because of her pregnancy, childbirth, and/or related medical conditions, with malice and in reckless disregard for her federally protected rights under Title VII, as amended by the Pregnancy Discrimination Act.

41. Defendant intentionally discriminated against Kulinski on the basis of her pregnancy, childbirth, and/or related medical conditions by terminating her employment on or about October 23, 2024, because of her pregnancy, childbirth, and/or related medical conditions,

with malice and in reckless disregard for her federally protected rights under Title VII, as amended by the Pregnancy Discrimination Act.

42. As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of back pay/lost wages and/or other employment benefits, pain and suffering, emotional distress, stress, humiliation, pre-judgment interest and post-judgement interest, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

1. Order Defendant to make Plaintiff whole by providing back pay/lost wages, lost employment benefits, front pay because reinstatement is not feasible or reasonable, compensatory damages, punitive damages, pre- and post-judgment interest, and reimbursement for other benefits and expenses to be shown at trial;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

Dated this the 24th day of November, 2025.

Respectfully submitted,

STANFORD LAW OFFICES, S.C.

  /s/ *Annie T. Stanford*
Annie T. Stanford
State Bar No. 1137501
225 East Fairmount Avenue
Milwaukee, WI 53217
Phone: (414) 276-8269
Fax: (414) 276-2868
ATS@StanfordLawOffices.com

*Attorneys for Plaintiff*